UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E.L.E.E.,

Petitioner,

v.

SERGIO ALBARRAN, et al.,

Respondents.

No. 1:26-cv-00062-DAD-CSK

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. No. 1)

On January 5, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  That same day, petitioner also filed a motion for a temporary restraining order requesting his immediate release. (Doc. No. 2.)  On January 7, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order. (Doc. No. 7.)  On January 9, 2026, the court granted petitioner's motion for a temporary restraining order and ordered respondents to immediately release petitioner and enjoined and restrained respondents from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner written notice and a pre-detention hearing before a neutral adjudicator. (Doc. No. 8.)  On March 12, 2026, the parties filed a stipulation and joint request in which they request as follows:  (1) that the court consolidate the proceedings on the motion for temporary restraining order and preliminary injunction (Doc. No. 2) with the proceedings on the petition for writ of habeas corpus

1

(Doc. No. 1); (2) that the court resolve the motion for preliminary injunction and petition for writ of habeas corpus on the current record without further briefing or a hearing; (3) that the court enter judgement as the court deems appropriate; and (4) that the court clarify that the final order "shall not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal." (Doc. No. 9 at 2–3.) The parties agree in their stipulation that petitioner was released pursuant to the court's temporary restraining order but that petitioner's release did not moot the petition. (*Id.* at 2 n. 1.)

When setting the briefing schedule for respondents' opposition to petitioner's motion for a temporary restraining order, the court directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in this court's order in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), and other similar cases previously decided by this court. (Doc. No. 5.) In their opposition to the motion for temporary restraining order (Doc. No. 7) respondents argue that this case is distinguishable from *Rocha Chavarria* because here petitioner has been in the United States for a short period of time and because petitioner violated the terms of his parole by failing to report his change of address on July 25, 2025. (*Id.* at 12.)

As the court stated in its order granting petitioner's motion for temporary restraining order, the court is not persuaded by respondents implied argument that petitioner's liberty interest is significantly lessened because the length of his stay in the United States was just under one year at the time of his detention. *See Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025) ("Petitioner has a private interest in remaining free, which developed over the year he resided in the United States.").

Further, as the court stated in its order granting petitioner's motion for temporary restraining order regarding the reason for the revocation of petitioner's parole, respondents do not state that petitioner was provided written notice of the reason for the revocation, while petitioner argues that he complied with the terms of his release order and with all reporting requirements imposed by the Department of Homeland Security since his release on January 25, 2025. (Doc. No 2-3 at 7.) The court therefore concludes that petitioner's parole revocation violated due

process because he did not receive written notice of the reason for revocation.  *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–1146 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing written notice of revocation to the petitioner); *see also Noori*, 807 F. Supp. 3d at 1165 ("Thus, Petitioner was entitled to due process in his parole revocation.  Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination.")

For the reasons explained above:

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent petitioner becoming subject to an executable final removal order or exigent circumstances, without written notice and a hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

   b. Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion; and

2. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **April 8, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3